# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-05-751 |
| | § | C.A. No. C-06-448 |
| ANDRES CASAS, | § | |
| | § | |
| Defendant-Movant. | § | |

## ORDER DISMISSING MOTION TO
## VACATE, SET ASIDE OR CORRECT SENTENCE

On October 10, 2006, the Clerk received from Defendant/Movant Andres Casas ("Casas") a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (D.E. 26).[1] The document utilizes a standard form for filing a § 2255 motion and lists Casas' grounds for relief, but does so in a conclusory fashion. (See D.E. 26 at 5 (listing his claims as "Ineffective Assistance of Counsel," "Violation of Rule 11 of the Federal Rules of Criminal Procedure," and "Breach of Plea Agreement")). Below each of these grounds in the section where the supporting facts should be listed the form instead instructs the reader to "See Memorandum and Brief that is forthwit [sic] coming, pursuant [to][2] this Court's Order." (D.E. 26 at 5). No supporting memorandum accompanied the motion.

In an order entered October 26, 2006, the Court noted that "the complete lack of any detail in support of Casas' claims makes it impossible for this Court to determine what his arguments are or whether he is entitled to any relief." (D.E. 27 at 1). To remedy the problem, the Court ordered Casas

---

[1] Docket entry references are to the criminal case.

[2] The word "to" appears as part of the quoted language only in the third ground for relief; it is missing in the first two grounds.

to submit a supporting memorandum within thirty days of the entry of the order. Thus, his supporting memorandum had to be filed not later than November 27, 2006. The Court's prior order also advised Casas that his failure to timely file a supporting memorandum could result in the dismissal of his § 2255 motion. (D.E. 27 at 2).

To date, the Clerk has not received a supporting memorandum or any other document from Casas. As noted, Casas' motion lists generic claims, but offers no factual allegations in support of those generic claims, nor any information from which the Court can determine whether he is entitled to relief. His vague references are insufficient to state a claim. United States v. Pineda, 988 F.2d 22 (5th Cir. 1993) (while a court must construe a pro se § 2255 motion liberally, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue") (quoting United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Accordingly, Casas' motion does not state a valid claim for relief and his motion is DISMISSED.

Ordered this 21st day of December, 2006.

_____
Janis Graham Jack
United States District Judge